No. 23,383.

CHARLES E. GIBSON, *Appellant,* v. JAMES F. HORNUNG et al., *Appellees.*

SYLLABUS BY THE COURT.

TAX DEED—*Based Partly Upon Taxes Paid by One in Possession and· Part Owner of the Land—Invalid Tax Deed.* One who purchased land at a tax sale, when he had no interest in the land, subsequently obtained an interest in it through the will of an ancestor who died, after which he paid subse- · quently accruing taxes which payments were endorsed upon his tax cer- tificate, and still later obtained a tax deed for the land by paying all accru- ing interest, costs and charges, which altogether constituted the considera- tion for his tax deed, was disqualified to take a tax title to the land, and the tax deed issued to him was without validity. ·

Appeal from Greeley district court; ALBERT S. FOULKS, judge. Opinion filed January 7, 1922. Reversed.

*W. H. Russell,* of La Crosse, *James H. Harkless,* and *Clifford Histed,* both of Kansas City, Mo., for the appellant.

*George Getty,* of Syracuse, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Charles E. Gibson to recover a quarter section of land which is in the possession of the defendant, James F. Hornung. Plaintiff was defeated and he appeals.

Hornung claims the land under a transfer from Frank O. Bullock who holds under a tax title deed. In 1889 Kirkpatrick, then the owner of the land, executed a mortgage which passed by assignment to N. E. Kendall. In 1906 Kendall brought an action to foreclose the mortgage in which a decree of foreclosure was entered October 10, 1907, giving the plaintiff judgment for $940, ordering a sale and barring the defendants from all right or interest in it. A sale under the decree was made to Charles E. Gibson on June 28, 1910. The same was confirmed and a sheriff's deed executed and delivered on October 6, 1910. It appears that James M. C. Bullock purchased the property in controversy in 1904 and held the title up to the time of his death, May 28, 1909. After his death and on May 17, 1910, the judgment of foreclosure was revived against the representatives and successors in interest of Bullock. He left a will giving his two children, William Bullock and Susie E. Hudson, the property in controversy for life with the remainder over to their heirs. Frank O. Bullock was a son and heir of William Bullock and it appears that the taxes for the year 1907 were not paid, and in September, 1908, the property was sold at tax sale to Frank O. Bullock for $9.29, the amount of taxes, interest and costs then due on the property. The taxes for the year 1908 and 1909 were paid by the purchaser at the tax sale, and on September 19, 1911, a tax deed was issued to him which recites that the consideration was the amount paid at the tax sale, and the subsequent taxes paid for the years 1908 and 1909, amounting to $24.60. After the execution of the tax deed, the defendant, Frank O. Bullock, took possession of the land, fenced it, afterwards leased it for a time, and on March 22, 1918, he conveyed the same to Hornung who claims under the tax deed. No question is raised as to the regularity of the tax proceedings upon which the tax deed was based, except that Bullock was disqualified to take a tax title to the land.

The contention is that as Frank O. Bullock had an interest in the land at the time the subsequent taxes were paid and the deed issued, his purchase was no more than a redemption of the land from taxes, and that a valid title was not conveyed to him by the tax deed. The trial court held that Bullock owed no duty at the time he purchased at the tax sale and acquired a tax-sale certificate to pay the taxes on the land, and that the tax deed was legally issued to him in 1911 when it was executed. Could Frank O. Bullock obtain a valid tax deed on land in which he held an interest at the time it was executed? He was not a disqualified purchaser at the tax sale as his interest was not acquired until the death of his grandfather in May, 1909. He held an interest in the land when part of the subsequent taxes were paid by him as well as when he took the tax deed and paid the interest, costs and charges incident to the execution and delivery of the tax deed. As to that interest he stood in the shoes of Kirkpatrick, the mortgagor, who had agreed to pay the taxes, and a payment by Kirkpatrick, while still an owner, would have amounted to no more than a redemption. It is true his purchase at the tax sale was valid and the certificate issued to him remained valid until his disqualification arose. Thereafter he was in the attitude of an owner under an obligation to pay taxes, and therefore, disqualified to acquire a tax title. We need not determine what his rights would have been if he had stood on his tax certificate legally acquired, and had not paid or had endorsed on the certificate subsequently accruing taxes. The subsequent taxes as well as the interests, costs and charges paid while he was disqualified all entered into and formed a part of the consideration for the tax deed under which defendant claims. It has already been held that the consideration of a tax deed must be treated as an entirety, and when it is made up in part of taxes or charges which the purchaser was under obligation to pay, the payments made including the obtaining of the tax deed, must be regarded as a redemption. The question arose in a case where one who had obtained a tax certificate when he had a right to do so, and acquiring an interest in the land, paid accruing taxes, caused them to be endorsed on the certificate and on these procured the issuance of a tax deed. It was decided that his relation to the land disqualified him to acquire a title, and that his tax deed was void. (*Wiswell v. Simmons*, 77 Kan. 622, 95 Pac. 407.) In the opinion it was said:

"True, his tax deed was based upon a certificate that had been issued before

he acquired any interest in the land, but after he had entered into possession,. instead of paying the subsequently accruing taxes as one under an obligation to do so, he caused them to be indorsed upon the certificate as an increment to the lien evidenced thereby.  Therefore the consideration for the tax deed. which he received was made up in part of taxes which occurred while he was in possession and which he owed a duty to the remaindermen to pay.  In such a situation the deed cannot be upheld against them as a conveyance of title in virtue of its being founded in part upon earlier taxes.  For the purpose of determining his capacity to acquire a tax title the consideration cannot be apportioned—it must be treated as an entirety.  And a part of it being composed of taxes which he was bound to pay, the transaction must be regarded as a redemption." (p. 627.)

It is said that the interest of James M. C. Bullock and his heirs had been barred by the judgment of foreclosure that had been revived, and that the interest of Frank O. Bullock under the will had passed, but the right of redemption remained, and the subsequent. taxes and interest were accruing during this period, and having been paid by him and entered into the consideration of the deed he cannot be relieved from the effects of his disqualification.  In the revivor proceedings he was named as a party and brought into the· case by publication service.  He failed to appear or set up any interest that he had under his certificate of purchase for taxes or tax title.  However, this decision is rested on the ground that he was disqualified to take the tax title, and that the tax deed issued to him is without validity.

The judgment is reversed, and the cause remanded with direction to enter judgment for.plaintiff.